UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| **JON Q. WRIGHT,** | |
| **PLAINTIFF,** | |
| V. | **JURY TRIAL DEMANDED** |
| **FRANKIE'S MARINE, LLC** | |
| **DEFENDANT.** | |

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Jon Q. Wright (also referred to as "Plaintiff"), for his Complaint, hereby seeks to recover damages and attorney fees arising from copyright infringement by Defendant Frankie's Marine, LLC. Plaintiff alleges on personal knowledge as to all facts known and on information and belief as to all other facts after an inquiry reasonable under the circumstances and as they are likely to have evidentiary support after a reasonable opportunity for further investigation, as follows:

**GENERAL NATURE OF THE CLAIMS**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq. as amended.

2. Defendant unlawfully copied and displayed Plaintiff's copyrighted work for its own commercial purposes on its website pages and, on information and belief, through other print advertisements, including in association with events such as the February 16,

{11617448.1 }

2020 MN State Panfish Championship, June-July 2020 Frankie's Tuesday Night Fishing League, and August 2020 Frankie's Pro-Team Tourney fishing tournament.

3. Defendant's website advertisements embody Plaintiff's copyrighted work, the Legends Series Artwork Illustration (Bass), Copyright Registration No. VA 1-153-915 (the "Work") and were used without Plaintiff's consent.

## PARTIES

4. Plaintiff is an individual and resident of Montana. Plaintiff supplies commercial art design services, namely supplying licensed digital art, flat art works and paintings; and designs commercial art products with reproductions of the licensed digital art, flat art works and paintings.

5. Upon information and belief, Defendant is a limited liability company organized under Minnesota state law, with an address of 10680 South Avenue, Chisago City, MN 55013 and operates under the trade name "Frankie's Live Bait and Marine."

## JURISDICTION

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement in accordance with the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended), and 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant operates a retail store in Chisago, City Minnesota.

8. At the store, Defendant offers, among other things, fishing tackle and gear, bait, boats, motors, trailers, parts, and service. Defendant also establishes and sponsors fishing tournaments and related fishing events.

9. Defendant markets its business and products at http://frankiesboats.com/.

10. On information and belief, Defendant is the registrant of http://frankiesboats.com/.

11. This Court has personal jurisdiction over Defendant because Defendant is a Minnesota LLC with its principal place of busines in this judicial district, and because Defendant has transacted and continues to transact business in this judicial district. Further, on information and belief, Defendant uses an interactive website, http://frankiesboats.com/, for commercial purposes, including promoting, marketing, offering for sale, selling and advertising goods and services in this judicial district. On information and belief, said website is available to be viewed and is viewed by, and the content thereof is accessible to, persons located in Minnesota, including the District of Minnesota. Defendant has sufficient minimum contacts with this judicial district for the Court to exercise personal jurisdiction over it.

## VENUE

12. Venue is based upon 28 U.S.C. § 1391(b) and 1400(a) as the district in which a substantial part of the events or omissions giving rise to the claim against Defendant occurred and the judicial district in which Defendant resides and transacts business.

## PLAINTIFF'S COPYRIGHTED WORK

13. Plaintiff is the sole owner and creator of the Work, shown below, and owns a valid copyright registration, Copyright Registration No. VA 1-153-915, issued on June

1, 2001 in accordance with the United States Copyright Act. An image of the Work is depicted below.



A copy of the Work is attached as **Exhibit A**, which is hereby incorporated by reference.

14. Plaintiff is the legal or beneficial owner of the exclusive rights to the Work covered by the copyright registration, including the right to sublicense and all claims for infringement appurtenant thereto as Plaintiff holds the exclusive, unlimited rights to use the federally registered copyright for the Work.

## DEFENDANT'S INFRINGEMENT

15. Upon information and belief Frank Dusenka is the owner and managing member of Defendant. On further information and belief, Debbie Dusenka is Frank Dusenka's wife and an employee of Defendant.

16. On information and belief, beginning as early as February 2020, Defendant infringed the Work by copying, publishing, and displaying a complete copy of the Work in advertising to the public on Defendant's website pages.

17. Defendant displayed infringing copies of the Plaintiff's Work as part of its online advertisements, which constitute a copy of the Work and which included the copyright notice. An example of one infringing advertisement used by Defendant is attached as **Exhibit B**, which is hereby incorporated by reference.



18. The infringing advertisement displays a complete copy of the Work, which depicts a hand-drawn and colored Bass fish jumping out of the water with its mouth open, matching the unique and original features of Plaintiff's Work.

19. Defendant never sought or obtained authorization or permission from Plaintiff to use, copy, display or distribute the Work.

20. Defendant was not authorized by Plaintiff to reproduce the copyrighted Work or to make derivative works based on the copyrighted Work and no agreement now exists or ever existed between the parties relating to such reproduction or creation of derivative works of the copyrighted Work.

21. On information and belief, Defendant knowingly, willfully, and with disregard for Plaintiff's rights copied the copyrighted Work for commercial purposes and financial gain.

22. In March 2020, Plaintiff notified Defendant in writing of the infringement and asked that the unauthorized image of the Work be removed from Defendant's website pages and elsewhere. The notice further apprised Defendant that the unauthorized image of the Work used by Defendant contained a copyright notice that is visible in the bottom right corner of the image. The notice further sought compensation for Defendant's unauthorized past use of the Work.

23. The March 2020 notice also requested that Defendant identify where it obtained the image of Plaintiff's Work and provide a complete accounting of its infringing use of the Work.

24. In response to the March 2020 notice, on April 14, 2020, Ms. Dusenka forwarded an email from a frankiesboats.com email address. Ms. Dusenka provided no

explanation of where Defendant obtained the image. Ms. Dusenka represented during a subsequent phone call that she was acting on behalf of the Defendant.

25. Defendant has refused to acknowledge liability for infringement of Plaintiff's Work or to offer any compensation for its unauthorized use of the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501, ET. SEQ.

26. Plaintiff incorporates all preceding paragraphs, including paragraphs 1-25, as if fully restated herein.

27. Defendant has infringed the Work by copying, publishing, and displaying a complete copy of the Work in advertising to the public on Defendant's website, without permission from Plaintiff.

28. Defendant has infringed Plaintiff's exclusive rights to reproduce its Work, to display and publish its Works, and to create derivative works, all in violation of 17 U.S.C. § 106.

29. Plaintiff has not given its permission to Defendant to copy, publish or display the Work in any form.

30. Defendant's use of the Work was for commercial purposes at least in connection with its 2020 MN State Panfish Championship, June-July 2020 Frankie's Tuesday Night Fishing League, and August 2020 Frankie's Pro-Team Tourney fishing tournament.

31. As a result of Defendant's unlawful conduct, plaintiff has been damaged by the loss of prospective licensing fees and/or royalties and by the unauthorized proliferation of Plaintiff's Work on the internet, which enables others to make further infringing copies.

32. As a result of Defendant's unlawful conduct, on information and belief Defendant has received revenues and profits it otherwise would not have realized but for its infringement of the Work.

33. Plaintiff is entitled to recover an apportionment of Defendant's profits attributable to its infringement of the Work.

34. Plaintiff is entitled to recover its actual damages in the form of its lost profits by virtue of Defendant's acts of infringement.

35. Given that the copyright notice is clearly visible on the Work, Defendant's acts of infringement appear to have been willful and deliberate.

36. Plaintiff is entitled to recover statutory damages pursuant to § 504(c)(2) of the Copyright Act in the amount $30,000 or up to $150,000 for willful infringement.

37. Plaintiff is entitled to recover its costs and attorney fees incurred in connection with this action pursuant to 17 U.S.C. § 505.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all issues triable to a jury.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the court enter judgment against Defendant Frankie's Marine, LLC as follows:

A.	That Defendant has infringed Plaintiff's federally registered copyright under 17 U.S.C. § 501;

B.	That Defendant's infringement was willful under 17 U.S.C. § 504(c)(2);

C.	That Defendant shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C. § 504(a)(1), 17 U.S.C. § 504(b) and Fed. R. Civ. P. 54, or statutory damages up to $30,000 per Work pursuant to 17 U.S.C. § 504(c)(1) or up to $150,000 per Work if this Court finds Defendant willfully infringed;

D.	That Defendant shall reimburse Plaintiff's costs of this action and the reasonable attorney's fees and expenses incurred in prosecuting this action pursuant to 17 U.S.C. § 505 and any other applicable rule or statute;

E.	That Defendant shall be enjoined from further use of Plaintiff's Work; and

F.	That such other and further relief be awarded as the Court deems proper.

DATE:  August 6, 2020

*s/ Eric H. Chadwick*
Eric H. Chadwick (#248,769)
DeWitt LLP
2100 AT&T Tower
900 S. Marquette Avenue
Minneapolis, MN  55402
Telephone: (612) 305-1426
Email: ehc@dewittllp.com

**ATTORNEYS FOR PLAINTIFF**